UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT MADSEN,

    Plaintiff,

v.

CHRISTINE GREGOIRE, SAM REED, BERNARD WARNER, SCOTT RUSSELL, PAT GLEBE, JOHN THOMPSON, SHARON THACH, UNKNOWN LOCAL 117 OFFICIALS, UNKNOWN DOC OFFICERS,

    Defendants.

CASE NO. C12-5928 RBL-KLS

ORDER TO AMEND OR SHOW CAUSE

This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff has been granted leave to proceed *in forma pauperis*. Presently before the Court for review is Plaintiff's proposed civil rights complaint. ECF No. 5. The Court will not direct service of Plaintiff's complaint at this time because it is deficient, as is explained in further detail below. Plaintiff will be given an opportunity to amend his complaint.

## DISCUSSION

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the

1  particular defendant has caused or personally participated in causing the deprivation of a
2  particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).
3  To be liable for "causing" the deprivation of a constitutional right, the particular defendant must
4  commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and
5  which causes the plaintiff's deprivation.  *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

6       Plaintiff purports to sue the Governor and Secretary of the State of the State of
7  Washington along with several Department of Corrections (DOC) employees because his legal
8  papers were taken from him.  He also alleges that the law libraries at the Stafford Creek
9  Corrections Center (SCCC) and Washington Corrections Center (WCC) are inadequate.  He
10 claims that numerous officers have failed "to take oaths to support the United States
11 Constitution", that he is being denied access to the law library, that the law library is inadequate,
12 and that his release plan has not been approved because of DOC policy requiring 35 days notice.
13 ECF No. 5, p. 5.  He asks that the Court require Executive Officers of the State of Washington to
14 take an oath to support the United States Constitution, that the American flag be removed from
15 officers' uniforms, that his papers not be seized, and that the law library function with "modern
16 technology" to access the courts electronically.  *Id.*  He seeks monetary damages of $5,000.00
17 per day for each day his papers were seized and $5,000.00 per day for the "civil rights
18 violations." *Id.*

19       Plaintiff brings this action under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. §
20 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting
21 under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity
22 secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535,
23 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474
24

1 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff's complaint fails to state a cognizable claim under § 1983. First, the taking of oaths by Washington state officials is a state court matter and this Court lacks jurisdiction to issue a writ of mandamus to state officers. *Demos v. United States Dist. Court for E. Dist. Of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991).

Secondly, Plaintiff has failed to identify a right, privilege, or immunity secured by the Constitution or laws of the United States which has been violated or a person acting under color of state law who allegedly violated his constitutional rights.

For example, Plaintiff alleges that he was denied access to his legal papers and to the law library. He also alleges that the law libraries themselves are inadequate. He fails to identify who denied him access and how this access has caused him harm.

Pursuant to the Fourteenth Amendment due process clause, inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). That access must be "adequate, effective, and meaningful." *Id*. at 822. In *Bounds*, the Supreme Court held that the "fundamental constitutional right of access to the courts requires [assistance] in the preparation and filing of meaningful legal papers by providing ... adequate law libraries or adequate assistance from persons trained in the law." *Id*. at 817 (emphasis added); see also, *Lindguist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 855 (9th Cir.1985) (expressly adopting *Bounds* recognition of alternative means to meet due process requirement of access to the courts). Providing access to libraries or adequate legal assistance are merely examples of constitutionally acceptable methods "to assure meaningful access to the courts." 430 U.S. at 830 (decision did not foreclose alternative means to achieve that goal).

To show a violation of this right to access the courts, Plaintiff must demonstrate "actual injury," in that there was a "specific instance" in which he was denied access. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989); see also *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (violation can be found where the actual injury arises from the alleged inadequacies in the law library, legal assistance program or access provided by officials).

Plaintiff has failed to allege any actual injury. He alleges no official acts or omissions that hindered his efforts to pursue a non-frivolous legal claim. *Phillips v. Hust*, 477 F.3d 1070, 1075 (9th Cir.2007) ( internal citations omitted ). Plaintiff's vague allegations regarding his lack of access to his legal materials and the adequacy of the law library at SCCC and WCC are insufficient to state a claim. Plaintiff does not not specifically identify any deadlines that he missed as a result of any action by the named defendant or defendants nor otherwise explain how he was hindered in his efforts to pursue a non-frivolous claim.

Plaintiff also alleges that his release date is November 4, 2012, but that his release plan has not yet been approved because DOC Policy 350.200 requires a 35 days notification period after a release plan is approved. Plaintiff does not allege that he has submitted an approved release plan or that he filed any Personal Restraint Petition or other action to challenge the length of his incarceration.

"Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). "[T]he determination whether a challenge is properly brought under § 1983 must be made based upon whether 'the nature of the challenge to the procedures [is] such as necessarily to imply the invalidity of the judgment.' *Id*. If the court concludes that the challenge would necessarily imply the invalidity of the judgment or

continuing confinement, then the challenge must be brought as a petition for a writ of habeas corpus, not under § 1983." *Butterfield v. Bail*, 120 F.3d 1023, 1024 (9th Cir.1997) ( quoting *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)).

Here, Plaintiff is challenging the length of time he is serving but he does not show that the state courts have addressed his claim or granted him relief. The allegations cannot be considered because they challenge the fact or duration of confinement.

In addition, prisoners have no constitutionally protected liberty interest in early release. A convicted person has no constitutional right to be released before the expiration of his valid sentence. *Greenholtz v. Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). A state statute can, however, create a liberty interest if it creates a presumption or expectation of early release. *Id*. at 11–12. In order to create a liberty interest, the statute cannot be purely procedural. It "must contain ... specific directives that if the regulation's substantive predicates are present, a particular outcome must follow." *In re Cashaw,* 123 Wash.2d 138, 144, 866 P.2d 9 (1995) (quoting *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 463, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)). Laws that "adopt[ ] guidelines to structure the exercise of discretion do[ ] not necessarily create a liberty interest." *Id*. at 145, 866 P.2d 8.

Washington statutes governing the early release of individuals into community custody do not create a liberty interest in that release. RCW § 9.942A.7821 expressly provides that it does not:

> [These laws] do not create any expectation that the percentage of earned release time cannot be revised and offenders have no reason to conclude that the maximum percentage of earned release time is an entitlement or creates any liberty interest. (emphasis added).

RCW § 9.942A.7821.

Cases decided under this statute confirm that it does not create a liberty interest. In *Carver v. Lehman*, 558 F.3d 869, 873 (9th Cir.2009) the Ninth Circuit held that a sex offender who earned early release time for good behavior "is not entitled to early release; rather he is eligible for a discretionary transfer into community custody if his proposed placement is appropriate." In *In re Mattson*, 166 Wash.2d 730, 739, 214 P.3d 141 (2009), the Washington State Supreme Court reached the same result, holding that RCW § 9.94A.728 "gives DOC wide latitude" in determining whether an individual "may" be released before his sentence expires. Both courts expressly rejected the theory that RCW § 9.94A.728 creates any liberty interest in early release, and emphasized that the DOC has generous discretion in this decision. *Mattson*, 166 Wash.2d at 740, 214 P.3d 141; *Carver*, 55 F.3d at 876.

Thus, the DOC has the discretion to deny an early release until such time as it had approved the prisoner's planned residence under RCW 9.94A.729(5)(b); see *Foster*, 2011 WL 2692971, at *3–*4, and until such time as it had completed its community notice under RCW 72.09.712. This statute provides that the DOC must provide community notification a minimum of 30 days prior to an offender's release. See RCW 72.09.712(1). The fact that the DOC requires 35 days of minimum notice under its alleged internal policy or guideline is consistent with and does not violate the statutory minimum of 30 days. *Id*.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed. If Plaintiff chooses to amend his complaint, he must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. The complaint must allege in specific terms how each named defendant is involved. The amended complaint must set forth all of Plaintiff's factual claims, causes of

action, and claims for relief.  Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1)  the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)  the dates on which the conduct of each Defendant allegedly took place; and

(3)  the specific conduct or action Plaintiff alleges is unconstitutional.

The amended complaint will operate as a complete substitute to the present complaint. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case.

Plaintiff shall present his complaint on the form provided by the Court.  The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form.  Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint.  **Plaintiff is advised that he should make a short and plain statement of claims against the defendants.  He may do so by listing his complaints in separately numbered paragraphs.  He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

1  If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned
2  that if the amended complaint is not timely filed or if he fails to adequately address the issues
3  raised herein on or before **November 23, 2012**, the Court **will recommend dismissal of this**
4  **action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike"**
5  **under 28 U.S.C. § 1915(g).** Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner
6  who brings three or more civil actions or appeals which are dismissed on grounds they are
7  legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other
8  civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious
9  physical injury." 28 U.S.C. § 1915(g).
10  **The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C.**
11  **1983 civil rights complaint and for service. The Clerk is further directed to send a copy of**
12  **this Order and a copy of the General Order to Plaintiff**.
13  **DATED** this  5th  day of November, 2012.

Karen L. Strombom
United States Magistrate Judge