UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KURT MADSEN,<br><br>                  Plaintiff,<br><br>  v.<br><br>STATE OF WASHINGTON, ATTORNEY GENERAL BOB FURGUSON, GOVENOR JAY INSLEE, SECRETARY OF STATE KIM WYMAN, SECRETARY OF DEPARTMENT OF CORRECTIONS (DOC) BERNARD WARNER, SUPERINTENDENT SCOTT RUSSELL, SUPERINTENDENT PAT GLEBE, JOHN THOMPSON, SHARON THATCH, UNKNOWN LOCAL 117 OFFICIALS, UNKNOWN DOC OFFICERS,<br><br>                  Defendants. | No. C12-5928 RBL/KLS<br><br>ORDER DENYING MOTION FOR COUNSEL |

Before the Court is Plaintiff's Motion to Appoint Counsel. ECF No. 16. Having carefully considered the motion and balance of the record, the Court finds that the motion should be denied.

**DISCUSSION**

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory.") However, in "exceptional circumstances," a district court may

ORDER - 1

appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)).  *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.)  To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)).  A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim.  *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

      That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525.  Moreover, the need for discovery does not necessarily qualify the issues involved as "complex."  *Wilborn,* 789 F.2d at 1331.  Most actions require development of further facts during litigation.  But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues.  *Id.*

      Plaintiff has demonstrated an ability to articulate his claims *pro se* in a clear fashion understandable to this Court.  Based on Plaintiff's allegations, the Court notes that this is not a complex case involving complex facts or law.  In addition, Plaintiff presents no evidence to show that he is likely to succeed on the merits of his case.  Under separate Report and Recommendation, this Court is recommending that Plaintiff's amended complaint be dismissed because it is frivolous and Plaintiff has failed to state a claim upon which relief may be granted.

      Accordingly, it is **ORDERED:**

ORDER - 2

(1)     Plaintiff's motion for counsel (ECF No. 16) is **DENIED.**

(2)     The Clerk shall send a copy of this Order to Plaintiff.

**DATED** this  13th   day of March, 2103.

*Karen L. Strombom* (signature)

Karen L. Strombom
United States Magistrate Judge