1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KURT MADSEN,

                              Plaintiff,

          v.

STATE OF WASHINGTON, ATTORNEY
GENERAL BOB FURGUSON, GOVENOR
JAY INSLEE, SECRETARY OF STATE
KIM WYMAN, SECRETARY OF
DEPARTMENT OF CORRECTIONS (DOC)
BERNARD WARNER,
SUPERINTENDENT SCOTT RUSSELL,
SUPERINTENDENT PAT GLEBE, JOHN
THOMPSON, SHARON THATCH,
UNKNOWN LOCAL 117 OFFICIALS,
UNKNOWN DOC OFFICERS,

                              Defendants.

No. C12-5928 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: March 29, 2013**

         Before the Court is Plaintiff's Amended Complaint.  ECF No. 15.  Plaintiff has failed to

state a claim upon which relief may be granted under 28 U.S.C.  1983.  In addition, the Amended

Complaint is frivolous.  Accordingly, the undersigned recommends that the Amended Complaint

be dismissed without prejudice and that the dismissal count as a strike pursuant to 28 U.S.C. §

1915(g).

**BACKGROUND**

         On October 30, 2012, Plaintiff was granted leave to proceed *in forma pauperis* and his

civil rights complaint was filed.  ECF Nos. 4 and 5.  In his complaint, Plaintiff purported to sue

the Governor and Secretary of the State of the State of Washington along with several

REPORT AND RECOMMENDATION - 1

Department of Corrections (DOC) employees because his legal papers were taken from him.  He also alleged that numerous officers have failed "to take oaths to support the United States Constitution," that he is being denied access to the law library, that the law libraries at the Stafford Creek Corrections Center (SCCC) and Washington Corrections Center (WCC) are inadequate, and that his release plan has not been approved because of DOC policy requiring 35 days notice.  ECF No. 5, p. 5.  He asked the Court to require Executive Officers of the State of Washington to take an oath to support the United States Constitution, that the American flag be removed from officers' uniforms, that his papers not be seized, and that the law library function with "modern technology" to access the courts electronically.  *Id.*  He sought monetary damages of $5,000.00 per day for each day his papers were seized and $5,000.00 per day for the "civil rights violations."  *Id.*

On November 5, 2012, the Court ordered Plaintiff to show cause why his complaint should not be dismissed for failure to state a claim under 42 U.S.C. § 1983 or alternatively, to file an amended complaint.  ECF No. 7.  The Court set a deadline of November 23, 2012.  *Id.* On November 16, 2012, the Court granted Plaintiff a thirty day extension of time to respond to the Court's Order to Show Cause.  ECF No. 9.  On December 26, 2012, the Court granted Plaintiff's second motion for an extension of time, changing Plaintiff's deadline to January 28, 2013. ECF No. 11.  The Court stated that no further extensions would be granted.  *Id.*, p. 2.  In a letter dated February 4, 2012, which the Court interpreted as another motion for extension of time, Plaintiff stated that his amended complaint was delayed by a new prison policy implemented on January 17, 2013 regarding the processing of mail.  ECF No. 14, p. 2.  The Court granted Plaintiff a third extension of the deadline, until February 25, 2012 to file his amended complaint.  ECF No. 14.

REPORT AND RECOMMENDATION - 2

On February 13, 2013, Plaintiff filed his Amended Complaint. ECF No. 15. The Amended Complaint suffers from the same deficiencies as Plaintiff's original complaint and should be dismissed as frivolous.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be

accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right.  *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation.  *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

A.      **Plaintiff's Amended Complaint (ECF No. 15)**

In his Amended Complaint, Plaintiff purports to sue the State of Washington, Bob Ferguson (Washington State Attorney General), Jay Inslee (Washington State Governor), Kim Wyman (Washington State Secretary of State), Bernard Warner (Secretary of the Department of Corrections (DOC)), Scott Russell (Superintendent of the Washington Corrections Center (WCC)), Pat Glebe (Superintendent of the Stafford Creek Correcitons Center (SCCC)), John Thompson (WCC and SCCC Law Librarian), Sharon Thach (WCC Grievance Coordinator), "Unknown Executive Officers for SCCC", and "Unknown President of Teamster's Local 117 (DOC Union)).  ECF No. 15.

REPORT AND RECOMMENDATION - 4

The Court has liberally construed and summarized Plaintiff's 31 page amended complaint.  The amended complaint is fragmented, confusing, and fails to state a short, plain, and concise statement of Plaintiff's claims.  Generally speaking, Plaintiff alleges that the Defendants (other than the Governor, Secretary of State, and Attorney General) have failed to take an oath or affirmation of office as executive officers of the State of Washington.  He complains that DOC officers wear a flag patch on their uniforms but have taken no oath.  He states that the Teamsters Local 117 promotes job creation for its own members at the expense of "citizen liberty."  ECF No. 16, pp. 6-7.

Plaintiff alleges, in conclusory fashion, that from January 12, 2012 to February 25, 2012, Defendant Thach "impeded his right to redress grievances."  ECF No. 15, p. 8.  Plaintiff provides no further factual basis for this claim.

Plaintiff claims that he wants to be released to an address in Kent, Washington, but that Superintendent Warner is wrongfully denying his proposed release plan on the basis of his proposed release address.  ECF No. 15, pp. 10-11.  He alleges that RCW 9.94A.7821 (which holds that prisoners have no liberty interest in earned early release time) is a violation of the 14th Amendment because it was enacted by legislators who lacked an oath or affirmation to enact such a law.  *Id.*, p. 14.  He also claims that failure to release him to a Kent, Washington address constitutes cruel and unusual punishment.  *Id.*, p. 21.  Plaintiff also alleges that he is being held past his earned early release date.  He states that he is not seeking to be released, but is only seeking monetary damages for the violation of his due process and equal protection rights.  ECF No. 15, pp. 12-13.

Plaintiff alleges that the law libraries at WCC and SCCC were inadequate and "from January 12, 2012 to date" prevented "meaningful access to courts."  ECF No. 15, pp. 11-12.

REPORT AND RECOMMENDATION - 5

Plaintiff alleges, in conclusory fashion, that two "non-frivolous claims were dismissed" but provides no further factual allegations in support of this claim.

Plaintiff also alleges that his legal documents were taken from him on many occasions by "unknown" correction officers.  For example, he claims that "unknown officers" seized his papers (1) from January 10, 2012 to January 24, 2012 during his transfer to WCC, (2) on May 10, 2012 when he was transferred to the Intensive Management Unit, (3) on May 31, 2012 when he was transferred from SCCC to WCC, (4) on June 12, 2012 when he returned to WCC from King County Jail, (5) on July 24, 2012, and (6) between May 31, 2012 to August 15, 2012, and (7) on July 24, 2012.  ECF No. 15, pp. 23-29.  Plaintiff alleges in conclusory fashion that these "seizures" of his legal property violated his First, Fourth, and Fourteenth Amendment rights, but fails to allege factual allegations from which such violations may be inferred.

Plaintiff also alleges that the "unlawful deprivation" of his legal documents denied him meaningful access to the courts.  For example, he alleges that he was "unlawfully deprived of his legal papers on January 24, 25, 30, 31, 2012 and February 1, 6, 7, 13, 14, 25, 20, 21, 27, 28 and 29, 2012, and March 5 and 6, 2010" because the law librarian John Thompson allows him to view his legal documents only on Mondays, Tuesdays, and every other Wednesday.  ECF No. 15, p. 25.  However, he fails to allege how his inability to view his legal papers on those specific dates caused him any harm.

Plaintiff makes several allegations relating to missed deadlines.  For example, he claims that: (1) he was not given his legal documents even though he needed to file an appeal on his wrongful conviction; (2) the Washington Supreme Court denied his motion for the expenditure of public funds because his amended pleading was delayed by the "third world" United States Mail system and because during his prison transfers, "unknown" DOC officers took his box of

REPORT AND RECOMMENDATION - 6

legal papers; (3) on March 27, 2012 he was "hindered" in the criminal appeal of his Auburn case and it was dismissed; (4) Defendants Thompson and/or Warner have "arbitrarily administratively blocked all fundamental functions" on word processors; (5) he was unable to proceed pro se in King County Superior Court because unknown WCC officers seized his working papers; and, (6) he missed a June 8, 2012 deadline for the filing of a brief in his appeal (No. 66293-7).  ECF No. 15, pp. 24-30.

Plaintiff also alleges, however, that the Washington Supreme Court granted him a thirty day extension to file a statement of grounds for direct review and that he verbally argued and received a 23 month reduction in his sentence before the Washington County Superior Court. ECF No. 15, pp. 17, 30.

Plaintiff asks for damages "that shall start at $2.5 million."  ECF o. 15, p. 31.

**B.**    **Analysis of Plaintiff's Claims**

Plaintiff brings this action under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 687 L.Ed.2d 420 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present.  *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff's complaint fails to provide "a short and plain statement of the claim" as required by Rule 8.  Instead of presenting "simple, concise, and direct" averments as required by Rule 8(d)(1) of the Federal Rules of Civil Procedure, the amended complaint contains far more narrative and verbiage than required to state a claim for relief.  In most areas, Plaintiff has also

REPORT AND RECOMMENDATION - 7

failed to properly link his claims of constitutional violation with a particular defendant or

defendants.

      **1)**      **Parties**

Plaintiff's claims against Bob Ferguson, Jay Inslee, Kim Wyman, Bernard Warner, and

Pat Glebe are defective because Section 1983 supervisory liability cannot be based on respondeat

superior.  *See Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018,

56 L.Ed.2d 611 (1978).  A § 1983 action may not be brought against a supervisor on a theory

that the supervisor is liable for the acts of his or her subordinates.  *See Polk County v. Dodson*,

454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981).  Plaintiff alleges that because

Governor Inslee appointed DOC Secretary Warner, the governor is liable for the actions of Mr.

Warner and in turn, Mr. Warner is liable for acts committed by any corrections officers,

Superintendents Russell and Glebe, law librarian Thompson, and Grievance Coordinator Thach.

These allegations are not sufficient to state a § 1983 claim.

To state a claim against any individual defendant, plaintiff must allege facts showing that

the individual defendant participated in or directed the alleged violation, or knew of the violation

and failed to act to prevent it. *See Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir.1998),

*cert. denied*, 525 U.S. 1154, 119 S.Ct. 1058, 143 L.Ed.2d 63, (1999).  Because vicarious liability

is inapplicable to a § 1983 suit, a plaintiff must plead that each Government-official defendant,

through the official's own individual actions, has violated the Constitution. *Ashcroft v. Iqbal*, 556

U.S. 662, 129 S.Ct. 1937, 1948, 173 L.Ed.2d 868 (2009).  There are no factual allegations

contained in the Amended Complaint from which it may be inferred that Bob Ferguson, Jay

Inslee, Kim Wyman, Bernard Warner, or Pat Glebe participated in or directed any alleged

violation of Plaintiff's constitutional rights.

REPORT AND RECOMMENDATION - 8

Plaintiff also purports to sue the President of the Teamster's Local 117.  It is entirely unclear why this individual is named in the Amended Complaint as Plaintiff pleads no facts to support a federal constitutional claim.

Plaintiff also purports to sue the State of Washington.  However, the State of Washington is immune from suit under 42 U.S.C. § 1983.  The Eleventh Amendment to the United States Constitution bars a person from suing a state in federal court without the state's consent.  *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 68, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Natural Resources Defense Council v. California Dep't of Transportation*, 96 F.3d 420, 421 (9th Cir.1996).  Eleventh Amendment immunity is not automatically waived in actions brought under 42 U.S.C. § 1983.  *Quern v. Jordan*, 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979).  Washington has not waived the protection of the Eleventh Amendment for actions brought under 42 U.S.C. § 1983 by allowing itself to be sued in state court for tort actions.  *Edgar v. State*, 92 Wash.2d 217, 595 P.2d 534 (1979).

Based on the foregoing, Plaintiff has failed to state a cognizable claim under § 1983 as to Bob Ferguson, Jay Inslee, Kim Wyman, Bernard Warner, Pat Glebe, the President of Teamster's Local 117, and the State of Washington and all claims against these defendants should be dismissed.

### 2)      Oaths of Office

Plaintiff alleges that various "executives" have failed to take oaths.  As he was previously advised, the taking of oaths by Washington state officials is a state court matter and this Court lacks jurisdiction to issue a writ of mandamus to state officers.  *Demos v. United States Dist. Court for E. Dist. Of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991).   All claims relating to the taking of oaths should be dismissed.

REPORT AND RECOMMENDATION - 9

3)    **Access to Courts**

Pursuant to the Fourteenth Amendment due process clause, inmates have a "fundamental constitutional right of access to the courts." *Bounds v. Smith*, 430 U.S. 817, 828, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977).  That access must be "adequate, effective, and meaningful." *Id.* at 822.  In *Bounds*, the Supreme Court held that the "fundamental constitutional right of access to the courts requires [assistance] in the preparation and filing of meaningful legal papers by providing ... adequate law libraries or adequate assistance from persons trained in the law." *Id.* at 817 (emphasis added); see also, *Lindquist v. Idaho State Bd. of Corrections*, 776 F.2d 851, 855 (9th Cir.1985) (expressly adopting *Bounds* recognition of alternative means to meet due process requirement of access to the courts).  Providing access to libraries or adequate legal assistance are merely examples of constitutionally acceptable methods "to assure meaningful access to the courts."  430 U.S. at 830 (decision did not foreclose alternative means to achieve that goal).

To show a violation of this right to access the courts, Plaintiff must demonstrate "actual injury," in that there was a "specific instance" in which he was denied access. *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir.1989); see also *Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (violation can be found where the actual injury arises from the alleged inadequacies in the law library, legal assistance program or access provided by officials).

Plaintiff has failed to allege any actual injury.  He alleges no official acts or omissions that hindered his efforts to pursue a non-frivolous legal claim. *Phillips v. Hust*, 477 F.3d 1070, 1075 (9th Cir.2007) (internal citations omitted ).  Plaintiff's vague allegations regarding his lack of access to his legal materials and the adequacy of the law library at SCCC and WCC are insufficient to state a claim.   Although Plaintiff alleges in conclusory fashion that two "non-frivolous claims" were dismissed, he pleads no facts to support this claim.  He does not describe

REPORT AND RECOMMENDATION - 10

the nature of the claims or dismissals and does not identify any defendant who allegedly violated his constitutional right of access to courts with regard to these "non-frivolous claims."

Plaintiff also alleges that he was denied a motion for expenditure by the Washington Supreme Court due to the "third world" United States mail system and the confiscation of his documents during a prison transfer.  Plaintiff also claims that he obtained a form motion for indigency from the Washington Supreme Court Clerk and was able to file the form *albeit* after the deadline.  However, it is entirely unclear how Plaintiff's access to his legal papers caused this delay or how the denial of a motion for the expenditure of public funds violates any federal constitutional right to pursue a non-frivolous claim.  In addition, Plaintiff alleges that the Washington Supreme Court granted his request for a thirty day extension of time to file his statement of grounds for direct review, which rebuts his claim that he was denied access to pursue his appeal.

Plaintiff also alleges that the appeal of his Auburn case was "hindered" but again, he fails to allege how he was "hindered" or how any defendant allegedly violated his constitutional right of access to courts with regard to that case.

With regard to a King County Superior Court case, Plaintiff claims that he was unable to proceed pro se in that case on one day when unknown WCC officers seized his working papers. However, he also claims that he received a 23 month reduction in his sentence after verbally arguing a sentencing error on July 23, 2012, thus belying any claim that he was denied access to courts with regard to that case.

An inmate must demonstrate that alleged shortcomings in the prison's legal access scheme hindered, or were hindering, his ability to pursue a non-frivolous legal claim, *see Lewis*, 518 U.S. at 354-55, and/or provide specific examples in which he "'was actually denied access to

REPORT AND RECOMMENDATION - 11

the courts [,]'" *Allen v. Sakai*, 48 F.3d 1082, 1090 (9th Cir .1994) (quoted source omitted). Also, delays in providing legal materials or assistance that result in actual injury are "not of constitutional significance" if "they are the product of prison regulations reasonably related to legitimate penological interests[.]" *Lewis*, 518 U.S. at 362.  Plaintiff has failed to allege any actual, concrete injury to his right of access.  Instead, his claims are wholly conclusory.  Even with respect to the more specifically described issues, including the seizure of his legal materials on specific dates, Plaintiff points to no actual resulting injury.

In addition, a plaintiff must allege he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant.  *Rizzo v. Goode,* 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976).  Thus, Plaintiff's various claims that "unknown" officers seized his legal papers are not cognizable.  Although the use of Doe defendants is acceptable to withstand dismissal of a complaint at the initial review stage (*see, e.g., Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)), Plaintiff must still allege facts sufficient to link the "unknown" defendants with a constitutional violation.  Plaintiff alleges that on several occasions "unknown" corrections officers seized his paperwork, either during prison transfers or transfers to Intensive Management Units.  However, he does not allege how these "seizures" violated a constitutional right.

### 4)      Earned Early Release Date/Release Address

In his amended complaint, Plaintiff alleges that he is being wrongfully denied the right to be released to an address in Kent, Washington.  Plaintiff alleges that this is a denial of his due process and equal protection rights, and that RCW 9.94A.7821 is invalid because legislators lacked the oath or affirmation to enact such a law.  ECF No. 15, pp. 12-14.  He also alleges that it

REPORT AND RECOMMENDATION - 12

1  is cruel and unusual punishment to keep him from returning to Kent, Washington, and that he is

2  being held beyond his earned early release date. *Id.*, p. 13, 21.

3       Plaintiff was previously advised that prisoners have no constitutionally protected liberty

4  interest in early release.  A convicted person has no constitutional right to be released before the

5  expiration of his valid sentence.  *Greenholtz v. Nebraska Penal and Correctional Complex*, 442

6  U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979).  A state statute can, however, create a liberty

7  interest if it creates a presumption or expectation of early release.  *Id*. at 11–12.  In order to

8  create a liberty interest, the statute cannot be purely procedural.  It "must contain ... specific

9  directives that if the regulation's substantive predicates are present, a particular outcome must

10  follow."  *In re Cashaw*, 123 Wash.2d 138, 144, 866 P.2d 9 (1995) (quoting *Kentucky Dep't of*

11  *Corrections v. Thompson*, 490 U.S. 454, 463, 109 S.Ct. 1904, 104 L.Ed.2d 506 (1989)).  Laws

12  that "adopt[ ] guidelines to structure the exercise of discretion do[ ] not necessarily create a

13  liberty interest."  *Id*. at 145, 866 P.2d 8.

14       Washington statutes governing the early release of individuals into community custody

15  do not create a liberty interest in that release.  RCW § 9.942A.7821 expressly provides that it

16  does not:

17       [These laws] do not create any expectation that the percentage of earned release
         time cannot be revised and offenders have no reason to conclude that the
18       maximum percentage of earned release time is an entitlement or creates any
         liberty interest. (emphasis added).

19   RCW § 9.942A.7821.

20       Cases decided under this statute confirm that it does not create a liberty interest.  In

21  *Carver v. Lehman*, 558 F.3d 869, 873 (9th Cir.2009) the Ninth Circuit held that a sex offender

22  who earned early release time for good behavior "is not entitled to early release; rather he is

REPORT AND RECOMMENDATION - 13

eligible for a discretionary transfer into community custody if his proposed placement is appropriate."  In *In re Mattson*, 166 Wash.2d 730, 739, 214 P.3d 141 (2009), the Washington State Supreme Court reached the same result, holding that RCW § 9.94A.728 "gives DOC wide latitude" in determining whether an individual "may" be released before his sentence expires. Both courts expressly rejected the theory that RCW § 9.94A.728 creates any liberty interest in early release, and emphasized that the DOC has generous discretion in this decision.  *Mattson*, 166 Wash.2d at 740, 214 P.3d 141; *Carver*, 55 F.3d at 876.

The DOC has the discretion to deny an early release until such time as it had approved the prisoner's planned residence under RCW 9.94A.729(5)(b); see *Foster*, 2011 WL 2692971, at *3–*4, and until such time as it had completed its community notice under RCW 72.09.712. This statute provides that the DOC must provide community notification a minimum of 30 days prior to an offender's release.  See RCW 72.09.712(1).  The fact that the DOC requires 35 days of minimum notice under its alleged internal policy or guideline is consistent with and does not violate the statutory minimum of 30 days.  *Id.*

Thus, to the extent Plaintiff claims that he had a liberty interest in his "good time," the claims are not supportable and all claims based on this liberty interest should be dismissed.

To the extent Plaintiff claims that he has a liberty interest in being released to a specific address, RCW § 9.94A.729(5)(c) gives the DOC discretion to approve or deny an early release plan based on the prisoner's proposed residence location:

> The department *may deny* transfer to community custody in lieu of earned release time if the department determines an offender's release plan, *including proposed residence location and living arrangements*, may violate the conditions of the sentence or conditions of supervision, place the offender at risk to violate the conditions of the sentence, place the offender at risk to reoffend, or present a risk to victim safety or community safety.

REPORT AND RECOMMENDATION - 14

1  RCW § 9.94A .729(5)(c) (emphasis added).  Thus, Plaintiff's claims based on any liberty interest

2  in a specific release address should also be dismissed.

3          **5)      Access to Grievance**

4          Plaintiff alleges, in conclusory fashion, that from January 12, 2012 to February 25, 2012,

5  WCC's Grievance Coordinator Sharon Thach "impeded his right to redress grievances."  ECF

6  No. 15, p. 8, fn.1.[1]  Although inmates have a constitutionally-protected right to seek redress of

7  their grievances, inmates have "no legitimate claim of entitlement to a grievance procedure."

8  *Mann v. Adams*, 855 F.2d 639 (9th Cir.1988) (*citing Shango v. Jurich*, 681 F.2d 1091, 1100 (7th

9  Cir.1982)); *see also Maya v. Weed*, No. CV–1–08–1230–JMR, 2009 WL 926972 at *2 (E.D.Cal.

10  April 3, 2009) ("There is no free-standing constitutional right to a grievance process because

11  inmates do not have a protected liberty interest in jail or prison grievance procedures.").

12          Plaintiff does not allege how Ms. Thach impeded his right to redress grievances.  The

13  Court notes that the sheer number of grievances attached to Plaintiff's complaint belies a claim

14  that he was unable to file grievances.  Furthermore, to the extent that Plaintiff is alleging that his

15  First Amendment rights were violated by the manner in which Ms. Thach *handled* his

16  grievances, this claim should be dismissed.

17                              **CONCLUSION**

18          Plaintiff was previously advised that he failed to assert denial of a right secured by the

19  Constitution or laws of the United States.  Although Plaintiff was given an opportunity to file an

20  amended complaint, he has failed to state a cognizable claim pursuant to 42 U.S.C. § 1983.

---

[1] Plaintiff also refers to Appendix H to his amended complaint, but the page marked "Appendix H" is a letter from the Washington Supreme Court Clerk dated March 28, 2012.  ECF No. 15-1, p. 16.

REPORT AND RECOMMENDATION - 15

Accordingly, it is recommended that this case **dismissed without prejudice and that the dismissal be counted as a strike pursuant to 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  See also Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **March 29, 2013,** as noted in the caption.

**DATED** this  13th  day of March, 2013.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 16